THOMPSON, Circuit Judge,
dissenting in part.
While I agree with the majority’s conclusion on the actual authority question, I dissent from its holding as to- apparent authority. '
On our de novo review of a summary judgment motion, the court is to view the record in the light most favorable to the non-moving party, in this case CNE, and draw all inferences in its favor. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). In other words, “at the summary judgment. stage ■ the judge’s function is not himself to weigh the evidence and determine the truth of the matter.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). But this- is exactly what the majority has done. The majority opinion has laid out the facts that, on one hand, would establish apparent authority, and those that, on the other, would suggest there was none. The majority has then concluded that the second set of facts outweighs the firsthand that CNE cpuld not have believed Asset Recovery was BlackBerry’s agent. But I think- a reasonable jury could come out. the other way, and summary judgment is therefore not proper here.
An agency relationship exists by way of apparent authority where the putative principal’s conduct led a “third party of reasonable prudence in the business to rely on the agent’s authority.” Binkley Co. v. E. Tank, Inc., 831 F.2d 333, 337 (1st Cir.1987); see also Theos & Sons, Inc. v. Mack Trucks, Inc., 431 Mass. 736, 729 N.E.2d 1113, 1121-22 (2000). Viewing the record before us, I think a jury could conclude that CNE believed, based on a reasonable interpretation of BlackBerry’s conduct, that Asset Recovery was BlackBerry’s agent.
The record shows that CNE originally reached out to BlackBerry in order to buy its bulk technological parts, and that it was *154 BlackBerry that referred CNE to Asset Recovery. During CNE’s first transaction for the purchase of the parts, CNE’s purchase order listed a company affiliated with Asset Recovery as the supplier, but BlackBerry explicitly directed CNE to change its purchase order to list BlackBerry as the supplier. CNE also wired payment for the parts directly to BlackBerry, and then picked up the parts directly from a BlackBerry warehouse. After this first payment, CNE began to make payments to Asset Recovery, but for at least seven subsequent transactions it remained the practice that BlackBerry was' listed as the supplier on the purchase orders, and that CNE always picked up the products from BlackBerry.
Up until this point, it appears the majority and I are in agreement that'it would be fair to argue that a factfinder could find that CNE reasonably believed, based on this course of dealing, that Asset Recovery was BlaekBerry’s agent. According to the majority, however, the- conversations between CNE and BlackBerry in October 2012 change everything.
The October 2012 communications to which the majority refers consist of an email and subsequent phone call, in which BlackBerry refused CNE’s request that it get involved in CNE and Asset Recovery’s souring relationship. Specifically, in late August 2012, CNE wrote to BlackBerry to complain that it could not “do business through this channel anymore” — the “channel” being Stephen Miele of Asset Recovery. As disagreements between CNE and Asset Recovery continued, CNE wrote to BlackBerry again in October 2012, and in response, a BlackBerry representative told CNE: “Sorry, but I don’t wish to get in the middle between yourself and Stephen as relationships are important to myself and RIM as,a, whole. I suggest you need to deal on this with Stephen. I am not sure how else I can help you in this situation_” The BlackBerry representative then reiterated in a subsequent phone call that BlackBerry would not get involved.
It is the majority’s position that these communications made it irrefutably clear that Asset Recovery was not BlackBerry’s agent, and that no jury could conclude otherwise. I beg to differ.' At the summary, judgment stage, we are to view the facts in the light most favorable to CNE, and draw all inferences in its favor. It is certainly true that one way to interpret those emails would be to conclude .that BlackBerry refused, to get embroiled in the spat between CNE and Asset Recovery because Asset Recovery was an independent actor and not BlackBerry’s agent. It would be equally reasonable, , however, to conclude that BlackBerry refused to get involved simply because it did not want to undermine the decisions that one of its agents had made in handling' customer business that fell within the scope of that agent’s authority. Both interpretations are plausible.
The majority may be right that the first of these interpretations is more convincing, and that it was made more convincing when a year later, in August 2013, Stephen Miele directed CNE to change the purchase orders once again,' this time to list Asset Recovery as the supplier. But when there is this kind of toss-up at the summary judgment stage as to how the evidence should be weighed, or. which interpretation of the evidence is more plausible, the question must go to a jury. In this case, the question of whether the later October 2012 communications disabused CNE of any notion that Asset Recovery was BlackBerry’s agent is a question that requires such weighing and interpreting of evidence. To decide it ourselves would be to engage in an exercise that we are not *155 permitted at ■ the summary judgment phase,' and wpuld preclude CNE from exercising its constitutional right to a trial by jury. -
Finally, I briefly address the majority’s point that CNE is a “commercially sophisticated” party whose business model (i.e., buying and reselling bulk parts) was nearly . identical. to that of Asset Recovery. The. majority,,seems to suggest that because CNE conducted its own business autonomously, and not on . behalf of any principal, CNE should have known that Asset Recovery was also an independent actor and not an agent of BlackBerry. I am not certain I agree. Why could it not be the case that one compahy conducted its business independently and another conducted the same business as an agent of a principal? Regardless, to the extent that it is relevant that CNE and Asset Recovery were engaged in the same business, this is, again, something for the jury to weigh, along with the rest of the evidence, in determining whether it was reasonable for CNE to believe ■ that Asset Recovery was BlackBerry’s agent.
For these reasons, I respectfully dissent from the majority’s holdihg as to the question of apparent authority.